UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TONI CASTELLANO

                         Plaintiff,

   -against-

THE ESTEE LAUDER COMPANIES, INC. and ELC MANAGEMENT LLC

                         Defendants.

Civ. No.: 2:21-cv-04763 (JMA) (ARL)

**ANSWER WITH AFFIRMATIVE AND OTHER DEFENSES**

Defendants The Estée Lauder Companies, Inc. ("ELC") and ELC Management LLC ("ELC Management") (hereinafter collectively "Defendants"), by and through their undersigned attorneys, Jackson Lewis P.C., hereby respond to the allegations set forth in the Complaint and Demand for Jury Trial ("Complaint") filed by Toni Castellano ("Plaintiff") and state as follows:

### AS AND FOR AN ANSWER TO "NATURE OF THE ACTION"

1. Defendants deny each and every allegation set forth in Paragraph "1" of Plaintiffs Complaint, including the footnote referenced therein, and aver that Defendant ELC was founded by Estée Lauder and respectfully refer the Court to Defendant ELC's website at www.elcompanies.com for the true and correct contents therein.

2. Defendants deny each and every allegation set forth in Paragraph "2" of Plaintiffs Complaint.

3. Defendants deny each and every allegation set forth in Paragraph "3" of Plaintiffs Complaint.

4. Defendants deny each and every allegation set forth in Paragraph "4" of Plaintiffs Complaint.

5. Defendants admit that Plaintiff purports to bring claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL") to seek redress for the harm she allegedly suffered due to the Company's gender-based discrimination, and specifically deny that Plaintiff was subjected to any such discrimination and deny that Plaintiff is entitled to any of the relief she seeks.

## AS AND FOR AN ANSWER TO "JURISDICTION AND VENUE"

6. The allegations set forth in Paragraph "6" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants admit that this Court has subject matter jurisdiction, generally, pursuant to Title VII.

7. The allegations set forth in Paragraph "7" of Plaintiff's Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants admit that this Court has supplemental jurisdiction, generally, over the NYSHRL claim.

8. Defendants deny each and every allegation set forth in Paragraph "8" of Plaintiff's Complaint and aver that Plaintiff purports that Defendants do business in the State of New York and are subject to personal jurisdiction in this District, Plaintiff resided in the District, and a substantial part of the events giving rise to this action occurred in this District.

**AS AND FOR AN ANSWER TO "PROCEDURAL PREREQUISITES"**

9. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "9" of Plaintiff's Complaint and avers she filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC").

10. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "10" of Plaintiff's Complaint and respectfully refer the Court to the purported Notice of Right to Sue from the EEOC for the true and correct contents therein.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "11" of Plaintiff's Complaint and respectfully refer the Court to the purported Notice of Right to Sue from the EEOC for the true and correct contents therein.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "12" of Plaintiff's Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "13" of the Plaintiff's Complaint, and aver that Plaintiff is not alleging claims under the New York City Administrative Code.

**AS AND FOR AN ANSWER TO "PARTIES"**

14. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "14" of Plaintiff's Complaint and aver upon information and belief that Plaintiff is a female who resides in Rockville Centre, New York.

15. Defendants deny each and every allegation set forth in Paragraph "15" of Plaintiff's Complaint, except admit that Defendant ELC is incorporated in Delaware, and is qualified to conduct business in New York.

16. Defendants deny each and every allegation set forth in Paragraph "16" of Plaintiff's Complaint, except admit that Defendant ELC Management is formed in Delaware, is qualified to conduct business in New York and maintains a place of business in Melville, New York.

17. Defendants deny each and every allegation set forth in Paragraph "17" of Plaintiff's Complaint, including the footnote referenced therein, and aver that at all times relevant hereto Defendant ELC Management was Plaintiff's employer.

## AS AND FOR AN ANSWER TO "FACTUAL ALLEGATIONS"

### A. As and for an Answer to the "Background"

18. Defendants deny each and every allegation set forth in Paragraph "18" of Plaintiff's Complaint, and aver that effective February 3, 2014, Defendant ELC Management hired Plaintiff on an at-will basis for the position Director, Facilities Project Management.

19. Defendants deny each and every allegation set forth in Paragraph "19" of Plaintiff's Complaint and aver that while some of Plaintiff's job responsibilities included those that she listed in Paragraph "19" of the Complaint it also included other responsibilities.

20. Defendants deny each and every allegation set forth in Paragraph "20" of Plaintiff's Complaint.

21. Defendants deny knowledge or information sufficient to form a belief regarding the allegation set forth in Paragraph "21" of Plaintiff's Complaint.

22. Defendants deny each and every allegation set forth in Paragraph "22" of Plaintiff's Complaint, and respectfully direct the Court to the development plan for fiscal year 2017 for its true and correct contents.

23. Defendants deny each and every allegation set forth in Paragraph "23" of Plaintiff's Complaint, and respectfully direct the Court to the review for 2020 for its true and correct contents.

### B. **Defendants Deny that "The Company Discriminated Against Ms. Castellano On The Basis of Gender"**

24. Defendants deny each and every allegation set forth in Paragraph "24" of Plaintiff's Complaint.

25. Defendants deny each and every allegation set forth in Paragraph "25" of Plaintiff's Complaint.

26. Defendants deny each and every allegation set forth in Paragraph "26" of Plaintiff's Complaint.

#### i. **As and For an Answer to the "The February 6, 2021 Incident"**

27. Defendants deny each and every allegation set forth in Paragraph "27" of Plaintiff's Complaint and aver that an incident occurred on February 6, 2021 involving damage to a Symex kettle during installation.

28. Defendants deny each and every allegation set forth in Paragraph "28" of Plaintiff's Complaint.

29. Defendants deny each and every allegation set forth in Paragraph "29" of Plaintiff's Complaint.

30. Defendants deny each and every allegation set forth in Paragraph "30" of Plaintiff's Complaint.

31. Defendants deny each and every allegation set forth in Paragraph "31" of Plaintiff's Complaint.

32. Defendants deny each and every allegation set forth in Paragraph "32" of Plaintiff's Complaint.

33. Defendants deny each and every allegation set forth in Paragraph "33" of Plaintiff's Complaint.

34. Defendants deny each and every allegation set forth in Paragraph "34" of Plaintiff's Complaint, and aver that Adam Stein, Noel Natal and Daniel Huaman were on the project engineering team.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "35" of Plaintiff's Complaint.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "36" of Plaintiff's Complaint.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "37" of Plaintiff's Complaint, and aver that Jen Casey was a third-party contractor employed by Project Risk Analytics, LLC.

38. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "38" of Plaintiff's Complaint.

39. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "39" of Plaintiff's Complaint.

40. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "40" of Plaintiff's Complaint.

41. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "41" of Plaintiff's Complaint, including the footnote referenced therein.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "42" of Plaintiff's Complaint.

43. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth Paragraph "43" of Plaintiff's Complaint, and respectfully refer the Court to the site safety manager's report for its true and correct contents.

44. Defendants deny each and every allegation set forth in Paragraph "44" of Plaintiff's Complaint and aver that Plaintiff and Adam Stein texted each other on Saturday, February 6, 2021 at 1:08 p.m. and again at 2:32 p.m., and respectfully direct the Court to these texts for the true and correct content thereof.

45. Defendants deny each and every allegation set forth in Paragraph "45" of Plaintiff's Complaint and aver that Plaintiff and Mr. Stein texted each other on Saturday, February 6, 2021 at 1:08 p.m. and again at 2:32 p.m., and respectfully direct the Court to the texts for the true and correct content thereof.

46. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "46" of Plaintiff's Complaint.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "47" of Plaintiff's Complaint.

      **ii.** **Defendants Deny that "In the Aftermath of the Incident The Company Improperly Blames Ms. Castellano and Manufactures A Bogus Pretext To Punish Her Far More Harshly Thank The More-Culpable Male Employees."**

48. Defendants deny each and every allegation set forth in Paragraph "48" of Plaintiff's Complaint.

49. Defendants deny each and every allegation set forth in Paragraph "49" of Plaintiff's Complaint and aver that a prompt and appropriate investigation was conducted into the matter.

50. Defendants deny each and every allegation set forth in Paragraph "50" of Plaintiff's Complaint.

51. Defendants deny each and every allegation set forth in Paragraph "51" of Plaintiff's Complaint, and aver that on February 23, 2021 and March 1, 2021 Executive Director, Human Resources Business Partner, Supply Chain, Susan Berdel interviewed Plaintiff in connection with the investigation regarding the incident at issue.

52. Defendants deny each and every allegation set forth in Paragraph "52" of Plaintiff's Complaint and aver that during the investigation Ms. Berdel asked Plaintiff about whether she was alone in her car at the time of the incident, which was relevant to the investigation.

53. Defendants deny each and every allegation set forth in Paragraph "53" of Plaintiff's Complaint.

54. Defendants deny each and every allegation set forth in Paragraph "54" of Plaintiff's Complaint.

55. Defendants deny each and every allegation set forth in Paragraph "55" of Plaintiff's Complaint.

56. Defendants deny each and every allegation set forth in Paragraph "56" of Plaintiff's Complaint.

57. Defendants deny each and every allegation set forth in Paragraph "57" of Plaintiff's Complaint.

58. Defendants deny each and every allegation set forth in Paragraph "58" of Plaintiff's Complaint.

59. Defendants deny each and every allegation set forth in Paragraph "59" of Plaintiff's Complaint and aver that effective March 17, 2021 Plaintiff's at-will employment was lawfully terminated.

60. Defendants deny each and every allegation set forth in Paragraph "60" of Plaintiff's Complaint.

61. Defendants deny each and every allegation set forth in Paragraph "61" of Plaintiff's Complaint.

62. Defendants deny each and every allegation set forth in Paragraph "62" of Plaintiff's Complaint.

63. Defendants deny each and every allegation set forth in Paragraph "63" of Plaintiff's Complaint.

64. Defendants deny each and every allegation set forth in Paragraph "64" of Plaintiff's Complaint.

65. Defendants deny knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph "65" of Plaintiff's Complaint.

66. Defendants deny knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph "66" of Plaintiff's Complaint.

67. Defendants deny knowledge or information regarding the truth or falsity of the allegations set forth in Paragraph "67" of Plaintiff's Complaint.

## CAUSES OF ACTION
## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION
**"(Discrimination in Violation of Title VII of the Civil Rights Act of 1964)"**

68. Defendants repeat and reallege each of their denials and other responses to the allegations set forth in Paragraphs "1" through "67" of Plaintiff's Complaint, as if fully set forth herein in response to Paragraph "68" of Plaintiff's Complaint.

69. Defendants deny each and every allegation set forth in Paragraph "69" of Plaintiff's Complaint.

70. Defendants deny each and every allegation set forth in Paragraph "70" of Plaintiff's Complaint.

71. Defendants deny each and every allegation set forth in Paragraph "71" of Plaintiff's Complaint.

72. Defendants deny each and every allegation set forth in Paragraph "72" of Plaintiff's Complaint.

73. Defendants deny each and every allegation set forth in Paragraph "73" of Plaintiff's Complaint.

74. Defendants deny each and every allegation set forth in Paragraph "74" of Plaintiff's Complaint.

75. Defendants deny each and every allegation set forth in Paragraph "75" of Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION
**"(Discrimination in Violation of the
New York State Human Rights Law, N.Y. Exec. Law § 290 et seq.)"**

76. Defendants repeat and reallege each of their denials and other responses to the allegations set forth in Paragraphs "1" through "75" of Plaintiff's Complaint, as if fully set forth herein in response to Paragraph "76" of Plaintiff's Complaint.

77. Defendants deny each and every allegation set forth in Paragraph "77" of Plaintiff's Complaint.

78. Defendants deny each and every allegation set forth in Paragraph "78" of Plaintiff's Complaint.

79. Defendants deny each and every allegation set forth in Paragraph "79" of Plaintiff's Complaint.

80. Defendants deny each and every allegation set forth in Paragraph "80" of Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO "DEMAND FOR A JURY TRIAL"

81. Defendants admit that Plaintiff requests a jury trial on all issues to be tried but, except as so admitted, deny that Plaintiff is entitled to a jury trial and deny all of the remaining allegations set forth in Paragraph "81" of Plaintiff's Complaint.

### AS AND FOR AN ANSWER TO PLAINTIFF'S "PRAYER FOR RELIEF"

Defendants deny all allegations and any claim for relief set forth in the "PRAYER FOR RELIEF" clause to Plaintiff's Complaint, including sub-paragraphs "A" through "G," and specifically deny that Plaintiff is entitled to any of the relief she seeks.

### GENERAL DENIAL

Defendants deny all claims and allegations not unequivocally admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants, Defendants assert the following defenses:

### AS AND FOR A FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A THIRD DEFENSE

Any and all actions taken by Defendants with regard to Plaintiff were based on legitimate, non-discriminatory business reasons, and would have been taken regardless of Plaintiff's gender.

### AS AND FOR A FOURTH DEFENSE

Plaintiff's claims for discrimination are barred and/or any recovery of damages is precluded, in whole or in part, because Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory behavior.

### AS AND FOR A FIFTH DEFENSE

Plaintiff's claims for discrimination are barred and/or any recovery of damage is precluded because Plaintiff unreasonably failed to take advantage of Defendants' preventive and/or corrective opportunities or to otherwise avoid her alleged harm.

### AS AND FOR A SIXTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, because she failed to use reasonable diligence to mitigate and/or minimize her alleged damages.

### AS AND FOR A SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, estoppel, waiver, the after-acquired evidence doctrine, and/or other equitable defenses.

### AS AND FOR AN EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because she did not suffer damages attributable to any allegedly wrongful conduct by either or both of the Defendants and/or because any damages or injuries were caused by Plaintiff's own conduct or the conduct of third parties.

### AS AND FOR A NINTH DEFENSE

Plaintiff is not entitled to recover any punitive damages against Defendants because, *inter alia*, Defendants acted in good faith and did not commit, ratify, authorize or acquiesce in any malicious, willful, or reckless acts or omissions.

### AS AND FOR A TENTH DEFENSE

Assuming, arguendo that Plaintiff is able to establish that her gender played any part in any decisions of which she complains in the Complaint, Defendants would have made the same decisions even in the absence of any unlawful consideration.

### AS AND FOR AN ELEVENTH DEFENSE

Plaintiff's claims for damages under Title VII are limited by the applicable statutory damage caps on punitive and compensatory damages as a matter of law.

### AS AND FOR A TWELFTH DEFENSE

To the extent that Plaintiff engaged in acts of misconduct prior to or during her

employment, which, if known, would have resulted in the denial of employment or termination of her employment, any relief awarded to Plaintiff should be reduced, in whole or in part, because Plaintiff engaged in such misconduct.

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Claimant failed to satisfy certain conditions precedent and/or jurisdictional prerequisites prior to filing this action.

## AS AND FOR A FOURTEENTH DEFENSE

To the extent that Plaintiff seeks to recover punitive damages under the NYSHRL, this claim for damages is barred because punitive damages are not available under the NYSHRL as a matter of law.

## AS AND FOR A FIFTEENTH DEFENSE

Defendants reserve the right to amend their answer to raise additional affirmative or other defenses or to pursue any available counterclaim against Plaintiff as those claims or defenses become known during the litigation.

**WHEREFORE,** Defendants respectfully request that this Court:

a. Dismiss Plaintiff's Complaint in its entirety, with prejudice;

b. Deny each and every demand, claim, and prayer for relief contained therein;

c. Award Defendants' reasonable attorneys' fees and costs incurred in defending against this meritless action; and

d. Grant such other and further relief to Defendants as the Court deems just and proper.

                Respectfully submitted,

                JACKSON LEWIS P.C.
                666 Third Avenue
                New York, New York 10017
                (212) 545-4000
                Todd.Girshon@jacksonlewis.com

By: _____
                Todd H. Girshon

                *Attorneys for Defendants*

Dated:  New York, New York
          November 1, 2021

4819-8316-3387, v. 1